IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES,

    Plaintiff,

vs.                                                          No. CIV 17-0970 JB\KK

ALEX M. AZAR II, Secretary, Department
of Health and Human Services,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings of Fact and Recommended Disposition, filed April 3, 2018 (Doc. 49)("PFRD"). Based upon a review of the relevant law and the record -- including the evidence presented in regard to the Plaintiff's Motion for Summary Judgment, filed January 11, 2018 (Doc. 20)("Jones MSJ") as well as that presented in regard to the Defendant's Motion for Summary Judgment and Supporting Memorandum, filed February 27, 2018 (Doc. 41)("HHS MSJ"), the Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court of the District of New Mexico, has recommended that the Court grant the HHS MSJ, and deny the Jones MSJ as moot. PFRD at 1, 2 n.2. Plaintiff John Paul Jones filed a Response to Proposed Findings of Fact and Recommended Disposition, filed April 16, 2018 (Doc. 52)("Objections"), in which he raises objections to the PFRD, and requests that the Court disregard Magistrate Judge Khalsa's recommendation and, instead, grant summary judgment in his favor or, in the alternative, hold a hearing on the issues raised therein. See Objections at 25-27. The Court has reviewed the PFRD and Jones' Objections. For the reasons discussed herein, the Objections do not have a sound

basis in the material fact and applicable law. The Court adopts Magistrate Judge Khalsa's PFRD.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir.

1996) ("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act."  *One Parcel*, 73 F.3d at 1060.  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F.

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-639, in 1968.

App'x 795,796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in

---

[2] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver

- 5 -

rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States of America has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993) (holding that the district court's adoption of the Magistrate Judge's "particular reasonable hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate, . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and

recommendations.'")(quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676)(emphasis omitted)).

**ANALYSIS**

The Court concludes that Magistrate Judge Khalsa applied the appropriate legal standard to Jones' age-discrimination claim. Magistrate Judge Khalsa soundly concludes that the Court should grant the HHS MSJ, because Jones has not shown genuine issues of material fact with regard to his prima facie case of age discrimination. Finally, the Court concludes that Magistrate Judge Khalsa's denial of Jones' request to enter 300 exhibits does not affect the Courts' determination that it should grant the HHS MSJ. Accordingly, the Court adopts the PFRD, grants the HHS MSJ, and denies the Jones MSJ as moot.

**I.  MAGISTRATE JUDGE KHALSA APPLIED THE APPROPRIATE LEGAL STANDARD TO JONES' AGE DISCRIMINATION CLAIM.**

"A plaintiff suing under the ADEA may show discrimination directly or indirectly, in the latter instance through the approach established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 . . . (1973)" ("McDonnell Douglas"). Martino v. MCI Commc'ns Servs., Inc., 574 F.3d 447, 452 (7th Cir. 2009). See Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985) ("[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination."); Sanders v. Sw. Bell Tel., L.P., 544 F.3d 1101, 1105 (10th Cir. 2008)(stating that in the absence of direct evidence of discrimination, the McDonnell Douglas framework is used to determine whether the defendant is entitled to summary judgment). "Direct evidence is evidence from which the trier of fact may conclude, without inference, that the employment action was undertaken because of the employee's protected status." Sanders v. Sw. Bell Tel., L.P., 544 F.3d at 1105. Direct evidence of age discrimination exists where, for example, an

employer maintains a policy that is discriminatory on its face.  See Trans World Airlines, Inc. v. Thurston, 469 U.S. at 121.  "Usually . . . a plaintiff will not have direct evidence of discrimination and will establish her claims through circumstantial evidence.  In that instance, [the court] analyze[s] the plaintiff's claims under the *McDonnell Douglas* framework to determine whether the defendant is entitled to summary judgment."  Sanders v. Sw. Bell Tel., L.P., 544 F.3d at 1105.

As reflected in the PFRD, Magistrate Judge Khalsa analyzed Jones' age discrimination claim under the McDonnell Douglas framework.  See PFRD at 11-26.  Jones objects to the PFRD on this ground, arguing that the McDonnell Douglas framework does not apply in this case, because there is direct evidence that the Department of Health and Human Services ("HHS") maintains a policy, which is discriminatory on its face, of not hiring any person over the age of 59 for an overseas public health advisor position.  Objections at 6-9.  Jones' contention that HHS maintains such a policy is reflected both in the Jones MSJ and his response to Defendant's motion for summary judgment.  See Jones MSJ at 1; Response to Defendant's Motion for Summary Judgment at 1-2, filed March 12, 2018 (Doc. 45)("HHS MSJ Response").  In support of this contention, Jones relies on the Declaration of Carla Boudreau (dated June 8, 2016), filed January 11, 2018 (Doc. 20-2)("Boudreau Decl."), an employee of HHS, Centers for Disease Control and Prevention (the "CDC"), Center for Global Health, serving as Deputy Chief, Accelerated Disease Control and Surveillance Branch Global Immunization Division.  See Boudreau Decl. ¶ 1, at 1.  The . Boudreau Declaration, however, does not constitute direct evidence demonstrating that HHS maintains a policy of age discrimination.

The portion of the Boudreau Decl. upon which Jones relies pertains to an agreement reached between HHS and the World Health Organization (the "WHO") in 2006 pursuant to

which HHS could detail employees to the WHO for temporary overseas positions. See Boudreau Decl. ¶¶ 4-5, at 2. HHS employees, particularly those employed by the CDC, an agency of HHS, were subject to certain WHO policies, including policy imposing a mandatory retirement age of sixty-two. See Boudreau Decl. ¶ 6, at 2. Boudreau states that "the WHO has in the past rejected otherwise qualified CDC candidate[s] on the basis of age," and that "[w]ith respect to those positions, the WHO had reserved the right to reject otherwise qualified applicants over the age of sixty-two." Boudreau Dec. ¶ 6, at 2. Boudreau also states that the CDC "does not . . . discriminate against applicants on the basis of age for positions based in the United States, or otherwise, in compliance with the Age Discrimination in Employment Act." Boudreau Dec. ¶ 6, at 2. The Boudreau Decl. does not demonstrate that HHS or any of its agencies, including, of relevance here, the Health Resources Services Administration ("HRSA"), the agency that posted the position at issue in the present litigation, maintains a policy that discriminates on the basis of age. Conversely, Marlene Harper, Chief of Recruitment and Staffing at the Health Resources Services Administration, directly addressed whether a policy of age discrimination affected Jones' application for the Public Health Advisor Position in a declaration submitted by HHS in response to Plaintiff's motion for summary judgment. In relevant part, Ms. Harper stated that "there was no age limitation on the position advertised by HRSA under vacancy announcement HHS-HRSA-DE-1659942"; "HRSA does not discriminate against applicants on the basis of age, nor does HRSA have a policy placing age restrictions on overseas [public health advisor] positions"; and "[t]he policy articulated by Ms. Boudreau in her declaration does not apply to the position advertised under vacancy announcement HHS-HRSA-DE-1659942." Declaration of Marlene Harper ¶¶ 7-12, at 3 (dated January 19, 2018), filed January 19, 2018 (Doc. 27-1) ("Harper Decl.").

In sum, Jones has not submitted direct evidence of a policy of age discrimination within HHS generally or within the HRSA specifically. On the other hand, HHS refutes the existence of any such policy and has submitted evidence showing that no such policy exists. Under these circumstances, Magistrate Judge Khalsa appropriately analyzed Plaintiff's age discrimination claim, which circumstantial evidence supported, under the McDonnell Douglas framework. The Court will overrule Jones' Objection to Magistrate Judge Khalsa's reliance on the McDonnell Douglas framework.

**II. MAGISTRATE JUDGE KHALSA APPROPRIATELY CONCLUDED THAT HHS IS ENTITLED TO SUMMARY JUDGMENT.**

Magistrate Judge Khalsa concluded that HHS is entitled to summary judgment on the ground that Jones could not establish a prima facie case of age discrimination, because he did not present evidence from which a reasonable jury could find that Jones was qualified for the Public Health Advisor Position at issue or that, after his application was rejected, HHS continued to seek applicants of Plaintiff's qualifications. See PFRD at 11-26. Jones objects to the PFRD on the ground that Magistrate Judge Khalsa overlooked evidence that gave rise to genuine issues of material fact whether Jones could establish a prima facie case of age discrimination. See Objections at 9. In particular, Jones argues that Magistrate Judge Khalsa failed to address properly three affidavits, each of which, Jones argues, contain lies which reveal that individuals tasked with reviewing his applications for positions not at issue in the present case have failed to properly evaluate his qualifications. See Objections at 9-10. Of the three affidavits that Jones' Objections reference only two have been submitted to the Court -- the Affidavit of Cynthia Rivera and the affidavit of Peter Andre. See Declaration of Cynthia Rivera at 85 (dated August 5, 2015), filed March 12, 2018 (Doc. 45); Affidavit of Peter Andre at 88 (dated September 22, 2010, filed March 12, 2018 (Doc. 45). Pamela Jones' affidavit is not part of the

record -- instead, Jones' reference to Ms. Jones' affidavit is supported by a citation to his October 9, 2015, "Closing Statement" before the United States of America Merit System Protection Board. See Merit Systems Protection Board Closing Statement at 29 (dated April 13, 2015), filed January 11, 2018 (Doc. 20-3)("MSPB Closing Statement"). Magistrate Judge Khalsa addressed this evidence in the PFRD as follows:

> Plaintiff argues . . . that although he was qualified for the Public Health Advisor Position, Captains Goldstine, Robinson, and Morales-Rodriguez reached their conclusions to the contrary consistent with a pattern across agencies of HHS of minimizing, disregarding, or overlooking his qualifying experience. [HHS MSJ Response at 14-17]. In support of this argument, Plaintiff provides evidence that, in his view, demonstrates such a pattern.

PFRD at 17. Magistrate Judge Khalsa then added in a footnote:

> In addition to the evidence discussed in subsequent paragraphs, Plaintiff supports his assertion that various agencies of HHS repeatedly minimize, disregard, overlook, or misrepresent his qualifications, by pointing to his "closing statement" before the United States of America Merit System Protection Board, Denver Field Office, dated October 9, 2015. [MSPB Closing Statement at 14-42; HHS MSJ Response at 16]. The closing statement, presented in regard to Plaintiff's claim that he was deprived of his veteran's preference rights in his applications for two vacant public health advisor positions (announcement numbers HHS-OASH-DE-14-1064370 and FDA-CDER-14-DE-1089007BB) [MSPB Closing Statement at 19-20], includes examples (similar to those discussed in the preceding paragraphs, and including a reference to Ms. Rivera's affidavit) of allegedly improper evaluation of his qualifications. [MSPB Closing Statement at 29-36]. The arguments reflected in Plaintiff's "closing statement" are not evidence, and cannot provide a basis to deny summary judgment. *See generally Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1061 (10th Cir. 2009) ("[T]he argument of counsel is not evidence, and cannot provide a proper basis to deny summary judgment.").

PFRD at 17 n.6. Magistrate Judge Khalsa continued:

> To that end, Plaintiff points to the declaration of Cynthia Rivera, a Human Resources Specialist in the Office of Human Resources, National Capital Region, in Cleveland, Ohio, whose duties included acting as "the Announcement Owner" for vacancies with the Substance Abuse and Mental Health Services Administration (SAMHSA), an agency of HHS. [HHS MSJ Response at 15, 85]. Ms. Rivera reviewed Plaintiff's application materials pertaining to a supervisory public health advisor position (announcement number HHS-

SAMHSA-MP-15-1308130 and HHS-SAMHSA-DE-15-1308151). [HHS MSJ Response at 86]. As reflected in her declaration, Ms. Rivera determined that Plaintiff lacked the requisite experience for that position -- particularly experience involving "the development and implementation of collaborative programs focused on funding and improving mental health service delivery services to adults with a serious mental illness and to children with a serious emotional disturbance within the States and territories." [HHS MSJ Response at 86]. As evidence of his point that his experience has been minimized or overlooked, Plaintiff notes that Ms. Rivera's declaration states that "[a]lthough Mr. Jones' resume indicated that he was [a] phlebotomist, this position is not reflective of one that develops or implements programs that service adults with serious mental illness or children with a serious emotional disturbance." [HHS MSJ Response at 86]. Plaintiff urges the Court to consider this statement, taken in isolation, against his resume—a thirty-two page document which, unequivocally reflects that Plaintiff's professional experience in the field of health care did not include, nor was it limited to, phlebotomy. [HHS MSJ Response at 15, 44-76].

As another example, Plaintiff points to the sworn affidavit of Peter Andre, a former Human Resources Consultant with the Office of Human Resources for HHS, who was an "initial rater" as to Plaintiff's application for a public health advisor position (vacancy announcement HHS-CDC-D1-2010-0085). [HHS MSJ Response at 15, 88-90]. Plaintiff argues that in Mr. Andre's "three-page analysis of [his] application, he never once mentioned that [Plaintiff] had worked in the health care field or served in the military. He declared that [Plaintiff's] career had been 'mostly writing a book and lecturing at some American Universities." [HHS MSJ Response 15-16]. The portion of Mr. Andre's affidavit to which Plaintiff refers is a quoted excerpt from Plaintiff's application for the position as to which Mr. Andre was rating Plaintiff's qualifications. [HHS MSJ Response at 89-90]. In addition to the quoted excerpt, Mr. Andre also observed that "Mr. Jones provided a lengthy description of his past work experience and the required military documentation." [HHS MSJ Response at 89]. Additionally, Mr. Andre's affidavit discussed specific discrepancies between Plaintiff's experience and the requisite qualifications for the then-at-issue position. [HHS MSJ Response at 88-90].

. . . .

Even were the Court to assume that . . . the affidavits provided by Ms. Rivera and Mr. Andre demonstrate that the agencies comprising HHS persistently misrepresent, overlook, or minimize Plaintiff's qualifying experience, this evidence does not give rise to a genuine issue of fact regarding Plaintiff's qualifications for the position at issue in the present case. As discussed earlier, Captains Goldstine, Robinson, and Morales-Rodriguez (the SMEs) independently determined that Plaintiff lacked the requisite qualifications for the Public Health Advisor Position. In support of their respective determinations, each of the SMEs

> referenced particular qualifications for the position as described in the vacancy announcement, and they each provided an explanation—replete with references to Plaintiff's experience as described in his resume—of the discrepancies between Plaintiff's qualifications and those required for the Public Health Advisor Position. Plaintiff has not demonstrated that Captains Goldstine, Robinson, or Morales-Rodriguez reached their respective determinations based upon a misunderstanding, misrepresentation, omission, or minimization of his qualifications. Furthermore, the Court having reviewed Plaintiff's application and resume, has not discerned any basis from which to infer that the SMEs erroneously characterized its contents or overlooked experience that would, when viewed together with the vacancy announcement, ostensibly qualify Plaintiff for the Public Health Advisor Position. [HHS MSJ Response at 37-76]. Thus, to the extent that other reviewers, Ms. Rivera and Mr. Andre included, may have minimized, overlooked, mischaracterized, or omitted qualifying experience in the context of Plaintiff's applications for other vacancies, Plaintiff has not provided evidence from which a reasonable jury could find that Captains Goldstine, Robinson, and Morales-Rodriguez acted in accord with this wrongful practice in reviewing Plaintiff's application for the Public Health Advisor Position.

PFRD at 18-20 (footnote omitted).

In his Objections, Jones argues that Magistrate Judge Khalsa did not reach the conclusion that a jury would reach from the evidence that he presented. The Court infers that Jones intends to argue in his Objection, as he did in his Response to the HHS MSJ, that a jury would conclude that he was qualified for the Public Health Advisor Position at issue in this case but, in keeping with the wrongful practice which the Andre Aff. and the Rivera Aff. illustrate, the individuals reviewing his application omitted relevant experience and erroneously concluded that he was disqualified. See HHS MSJ Response at 2-3, 37-37. The Court, having reviewed the relevant evidence concurs in Magistrate Judge Khalsa's analysis and overrules Jones' Objections.

Jones objects, further, that Magistrate Judge Khalsa did not discuss Exhibit 24 to Plaintiff's motion for summary judgment. Objections at 11-12. Exhibit 24, filed January 11, 2018 (Doc. 20-6), is copy of a January, 2015 "Report to the President and the Congress of the United States by the U.S. Merit Systems Protection Board" titled "The Impact of Recruitment Strategy on Fair and Open Competition for Federal Jobs." Exhibit 24 at 2-52. Jones did not cite

Exhibit 24 in his HHS MSJ Response, and the PFRD, therefore, does not address Exhibit 24. Instead, Jones relied on Exhibit 24 in the Jones MSJ for the proposition that "**30%** of Federal HR Specialists **admit** that their own agency does not comply with the law in regards (sic) to hiring practices." Exhibit 24 at 19 (emphasis in original). In support of this proposition, Jones cites a footnote in the Report that comprises Exhibit 24 indicating that thirty percent of respondents -- Federal employees and human resources specialists -- to a survey distributed by the United States Merit Protection Board "believe their agencies did not hold fair and open competition for job vacancies." Exhibit 24 at 3 n.3. Neither this footnote, nor any aspect of the Report, gives rise to a genuine issue of material fact whether Jones was qualified for the Public Health Advisor Position at issue or whether, after his application was rejected, HHS continued to seek applicants with his qualifications. Jones' Objection to the PFRD on the ground that Magistrate Judge Khalsa did not consider Exhibit 24 is overruled.

Finally, as to Jones' general Objection to the PFRD on the ground that Magistrate Judge Khalsa did not adequately consider the arguments raised in, or the exhibits attached to, the Jones MSJ, the Court observes that the PFRD reflects Magistrate Judge Khalsa's considered analysis of relevant evidence submitted in support of the Jones MSJ and the evidence submitted in support of his HHS MSJ Response. The Court, having examined all evidence relevant to the question whether Jones has shown the existence of genuine issues of material fact with regard to the prima facie case of age discrimination, concludes that Magistrate Judge Khalsa's recommendation is sound. The Court overrules Jones' Objections to the contrary.

### III. THAT MAGISTRATE JUDGE KHALSA DID NOT GRANT JONES' FEBRUARY 26, 2018, REQUEST FOR A 300 EXHIBIT LIMIT DOES NOT AFFECT THE COURT'S DECISION TO ADOPT THE PFRD.

Jones objects to the PFRD on the ground that Magistrate Judge Khalsa's conclusion that Jones did not submit evidence demonstrating a genuine issue of fact whether Jones can establish

a prima facie case of age discrimination is "due solely to the undisputed fact that Judge Khalsa failed to address the waiver limit[] so that the evidence would be before the Court." Objections at 9. This argument relates to a document titled "Notification of Transmittal of Initial Disclosures and Request for Waiver of Exhibit Limit," which Jones filed a day before HHS filed the HHS MSJ, and two weeks before Jones responded to the HHS MSJ. Notification of Transmittal of Initial Disclosures and Request for Waiver of Exhibit Limit at 1, filed February 26, 2018 (Doc. 40)("Notification"). The Notification, which is not presented as a motion conforming to D.N.M. LR-Civ. 7, addresses, among other things, Jones' belief that "Initial Disclosures are still not due," because Jones and HHS' counsel had not engaged in a "meet and confer" session; Jones' possession of "literally hundreds of exhibits" that, in Jones' view, will prove that Assistant United States Attorneys -- including HHS' counsel in the present matter "realize . . . that their own witnesses are liars"; and "requests a 300-exhibit limit." Notification at 3. The Notification does not refer to the Jones MSJ, which he filed more than a month earlier, nor, as noted earlier, does he reference it in the HHS MSJ Response. In short, nothing in the Notification or in Jones' subsequent briefing alerted Magistrate Judge Khalsa to the newly-raised assertion that the requested 300-exhibit limit was tied to Jones' ability to pursue the Jones MSJ or effectively respond to the HHS MSJ.

Nor is the Court persuaded by Jones' argument, raised for the first time in his Objections, that, but for exhibit limits, his HHS MSJ Response would have included sufficient evidence to establish a prima facie case of age discrimination. Although D.N.M. LR.-Civ. 10.5 provides that "[a]ll exhibits to a motion, response, or reply, must not exceed a total of fifty (50) pages[,]" Jones has disregarded this rule with impunity during the pendency of this litigation. To that end, the Court observes that Jones submitted the Jones MSJ with 236 pages of attached exhibits, and

he submitted his HHS MSJ Response with ninety pages of attached exhibits.  Thus, Jones has submitted, and the Court has considered, 326 pages of Jones' exhibits -- 226 more pages of exhibits than D.N.M. LR.-Civ. 10.5 formally permits.  Finally, aside from conclusory assertions that HHS' counsel knows that its witnesses are "liars," Jones does not provide the Court with any information from which it may reasonably be inferred that a key piece of evidence pertaining to a material issue of fact was omitted from the record.

For the foregoing reasons, and in keeping with the principle that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived," Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996), the Court overrules Jones' Objection to the PFRD arising from the Notification that he filed on February 26, 2018.

**IT IS ORDERED** that: (i) the Objections in the Plaintiff's Response to Proposed Findings of Fact and Recommended Disposition, filed April 16, 2018  (Doc. 52), are overruled; (ii) the Magistrate Judge's Proposed Findings of Fact and Recommended Disposition, filed April 3, 2018 (Doc. 49), is adopted; (iii) the Defendant's Motion for Summary Judgment and Supporting Memorandum, filed February 27, 2018 (Doc. 41), is granted; and (iv) Plaintiff's Motion for Summary Judgment, filed January 11, 2018 (Doc. 20), is denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

John Paul Jones
Albuquerque, New Mexico

    *Plaintiff pro se*

John C. Anderson
   United States Attorney
Erin Langenwalter
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*