**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**June 4, 2019**

Elisabeth A. Shumaker
Clerk of Court

---

JOHN PAUL JONES,

    Plaintiff - Appellant,

v.

ALEX M. AZAR, II, Secretary, Department of Health and Human Services,

    Defendant - Appellee.

No. 18-2126
(D.C. No. 1:17-CV-00970-JB-KK)
(D. N.M.)

---

### ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.

---

John Paul Jones, appearing pro se, appeals from the district court's grant of summary judgment to the Secretary of the Department of Health and Human Services (HHS) on his claim of age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 2016, the Health Resources and Service Administration (HRSA), an agency within HHS, issued a vacancy announcement for the position of Public Health Advisor (International Program Director), GS-0685-14, under Job Announcement Number HHS-HRSA-DE-16-1659942 (Vacancy Announcement). The position had a temporary duty location in Maryland in preparation for the final work assignment in Liberia [hereinafter "Liberia Position" or "Position"]. The stated qualifications for the Position included one year of specialized public health program experience "comparable in difficulty and responsibility to at least the GS-13 level performing [certain specified] tasks on a regular and recurring basis."[1] R. Vol. 1 at 116.

Jones, who was in his 60s or older, submitted an online application for the Liberia Position.[2] After the application period closed, HRSA forwarded his application package and those of other candidates to three Subject Matter Experts (SMEs). The SMEs, each of whom were active duty members of the Commissioned Corps of the Public Health

---

[1] The tasks specified for this specialized experience were: "[1] Analyzing systems or strategies of international healthcare programs; [2] Reviewing and assessing the impact of current, proposed, or new health-related policies and regulations; [3] Establishing goals, operational plans, programs, policies, strategies and evaluation plans for portions of interrelated international public health programs; [and] [4] Formulating, implementing and evaluating policies impacting international public health research activities and programs." R. Vol. 1 at 116.

[2] Jones did not state his age at the time of the 2016 application in his complaint or other filings, but it appears to be undisputed that he was in his 60s or older. *See Jones v. Price*, 695 F. App'x 374, 375 (10th Cir. 2017) (per curiam) (noting Jones was 64 when he applied in 2009 for the positions at issue in this separate age discrimination case).

Service, were tasked with reviewing each application to determine if the candidates were qualified for the Position.

Each SME reviewed Jones' application package and independently concluded he was not qualified because he lacked the year of specialized experience required in the Vacancy Announcement.  As a result, HRSA notified Jones he was not qualified for the Liberia Position and did not forward his name to the selecting official for further consideration.  HRSA subsequently cancelled the Vacancy Announcement following a hiring freeze, and no applicant was selected to fill the Position.

Jones filed an administrative complaint with HRSA's Office of Civil Rights, Diversity and Inclusion (OCRDI), claiming his non-selection for the Liberia Position was based on age discrimination.  OCRDI dismissed his complaint on the ground that Jones had made the same claim in an appeal to the Merit Systems Protection Board, which after holding a hearing had determined Jones was not qualified for the Position.  Jones then filed this action.

Both parties moved for summary judgment.  Upon referral from the district judge, the magistrate judge recommended the court grant HHS' motion because Jones had failed to demonstrate a genuine issue of material fact concerning two elements of his prima facie case of age discrimination—whether he was qualified for the Liberia Position and whether the Position remained open after his application was rejected.  The magistrate judge further recommended the court deny Jones' summary judgment motion as moot. The district court adopted this recommendation over Jones' objections.  This appeal followed.

## DISCUSSION

### A. Standard of Review

We review the district court's summary judgment decision de novo, viewing the factual record and making reasonable inferences from it in the light most favorable to the nonmoving party. *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a fact is material when it might affect the outcome of the suit under the governing substantive law." *Bird*, 832 F.3d at 1199 (internal quotation marks and alterations omitted). "To avoid summary judgment, a party must produce *specific* facts showing that there remains a genuine issue for trial." *Branson v. Price River Coal Co.*, 853 F.2d 768, 771–72 (10th Cir. 1988) (internal quotation marks omitted). Because Jones is appearing pro se, we construe his filings liberally, but do not serve as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### B. Jones' Claim

In his complaint, Jones stated many grievances against HHS for not hiring him for positions dating back to 2006 and against the U.S. Attorney's Office in New Mexico for alleged misconduct in successfully defending HHS in a previous age discrimination lawsuit Jones brought against the department. Jones also complained

in this and additional filings about additional alleged misdeeds by HHS' counsel and others after his previous lawsuit ended. As a result, an initial challenge for the magistrate judge was identifying the actual claims at issue in this action. Based on Jones' complaint, an email Jones sent to counsel for HHS, and the parties' summary judgment briefing and evidence, the magistrate judge concluded the only matter at issue in this litigation is Jones' claim of age discrimination in violation of the ADEA in HRSA's failure to hire him for the Liberia Position. Jones did not object to the magistrate judge's finding on this point or challenge it in his briefing to this court. Accordingly, we, like the district court, limit our summary judgment analysis to this claim.[3]

### C. Age Discrimination Claim

A plaintiff may demonstrate age discrimination in violation of the ADEA by providing either direct or circumstantial evidence of discrimination. *Roberts v. Int'l Bus. Machs. Corp.*, 733 F.3d 1306, 1309 (10th Cir. 2013). If the plaintiff relies on circumstantial evidence, then we review his claim under the burden-shifting framework first described in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See id.* at 1309. But if the plaintiff produces direct evidence of age discrimination, the *McDonnell Douglas* framework does not apply. *See Trans World Airlines, Inc. v.*

---

[3] Jones also waived the right to appeal this portion of the magistrate judge's PFRD by failing to object to it in the district court. *See Allman v. Colvin*, 813 F.3d 1326, 1329 (10th Cir. 2016) (noting this court's "firm-waiver rule" under which "the failure to make timely objections to a magistrate judge's recommendations waives appellate review of both factual and legal questions" (internal brackets and quotation marks omitted)).

*Thurston*, 469 U.S. 111, 121 (1985). Direct evidence in this context "is evidence from which the trier of fact may conclude, without inference, that the employment action was undertaken because of the employee's protected status." *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). In this case, that means direct evidence would be evidence from which a jury could conclude, without inference, that HRSA did not hire Jones for the Liberia Position because of his age.

### 1. Direct evidence of age discrimination

Jones' primary argument on appeal is that he presented direct evidence HRSA discriminated against him on the basis of age and therefore the district court erred in evaluating his claim under the *McDonnell Douglas* framework. The evidence in question is a 2016 declaration by Carla Boudreau, a senior hiring authority in the Center for Disease Control (CDC), another HHS agency, summarizing her 2013 testimony before the Merit Systems Protection Board in a separate proceeding brought by Jones. Jones contends this testimony is direct evidence that HHS has a department-wide policy of not hiring individuals who are older than 59 for overseas Public Health Advisor positions.

Jones made much the same argument in his previous age discrimination lawsuit against HHS. In that case, the district court held Boudreau's testimony and declaration did not constitute direct evidence of age discrimination and ultimately granted summary judgment against Jones' age discrimination claims. In *Jones v. Price (Jones I)*, 695 F. App'x 374 (10th Cir. 2017) (per curiam), we affirmed that decision. In doing so, we considered Boudreau's testimony and declaration and

concluded her testimony referred only to "overseas positions . . . filled pursuant to an agreement between HHS and the [World Health Organization (WHO)]." *Id.* at 376. "Under that agreement, '[w]hile on detail [to the WHO], CDC personnel are on no-cost WHO contracts, and are subject to certain WHO policies, including a mandatory retirement age, sixty-two (62).'" *Id.* (quoting Boudreau Decl. (R. Vol. 3 at 31 in the record on appeal in this case)).

All of the Public Health Advisor and other positions at issue in *Jones I* were based in the United States and hence were not overseas positions involving a detail to the WHO. *Id.* Accordingly, we concluded Boudreau's testimony was not direct evidence of HHS age discrimination against Jones because "[i]t takes a large leap to get from an assertion that the CDC follows age-based guidelines in filling overseas positions governed by its agreement with the WHO to a conclusion that CDC failed to hire Mr. Jones for *domestic* positions because of his age. And that leap necessarily means it isn't direct evidence of discrimination." *Id.* (internal quotation marks and alterations omitted); *see Roberts*, 733 F.3d at 1308 (concluding "evidence requiring any inference to suggest age discrimination . . . qualifies at most as circumstantial, not direct, evidence of an ADEA violation").

In this case, it is undisputed the Liberia Position, while an overseas Public Health Advisor position, does not involve a detail to the WHO or any cooperative agreement between the WHO and HRSA.[4] Accordingly, as in *Jones I*, the

---

[4] Jones states without supporting evidence that the Liberia Position "may very well be involved with the World Health Organization," Aplt. Reply Br. at 12, but

HHS-WHO agreement to which Boudreau testified does not apply to the Liberia Position and "[i]t takes a large leap," to conclude from this agreement that HRSA failed to hire Mr. Jones for the Position at issue because of his age. *Jones I*, 695 F. App'x at 376. As a result, Boudreau's testimony and declaration do not constitute direct evidence of age discrimination by HRSA in its decision not to hire Jones for the Liberia Position. *See id.* The district court therefore correctly held that Jones' age discrimination claim must be evaluated under the *McDonnell Douglas* framework.

### 2. *McDonnell Douglas* evaluation

Under the *McDonnell Douglas* burden-shifting framework, a plaintiff alleging discrimination in a failure to hire case has the initial burden on summary judgment of demonstrating a prima facie case of discrimination, that is, of producing evidence sufficient for a reasonable jury to conclude the plaintiff "applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) (describing *McDonnell Douglas* framework). If the plaintiff makes this initial showing, the burden shifts to the defendant to articulate a nondiscriminatory reason for not hiring the plaintiff. *Id.* If the employer does so, then the burden shifts back to the plaintiff to produce sufficient evidence for

---

such "[u]nsubstantiated allegations carry no probative weight in summary judgment proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (internal quotation marks omitted).

a reasonable jury to conclude the defendant's proffered rationale is pretextual. *See id.*; *Roberts*, 733 F.3d at 1309.

The district court held Jones' claim failed at the initial step in the *McDonnell Douglas* process, and we agree. To establish a prima facie case of age discrimination in the failure to hire context, the plaintiff must show: (1) he "belongs to a protected class;" (2) he "applied and was qualified for a job for which the employer was seeking applicants"; (3) "despite being qualified, [he] was rejected"; and (4) "after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000) (internal quotation marks omitted); *see McDonnell Douglas*, 411 U.S. at 802. The second and fourth elements of this test are intended to eliminate two of the most common nondiscriminatory reasons for the plaintiff's rejection—"an absolute or relative lack of qualifications" and "the absence of a vacancy in the job sought." *Kendrick*, 220 F.3d at 1226-27 (internal quotation marks omitted). "Elimination of these reasons for the refusal to hire is sufficient, absent other explanation, to create an inference that the decision was a discriminatory one." *Id.* at 1227 (internal quotation marks omitted). But in this case Jones failed to produce evidence that would allow a reasonable jury to eliminate either reason, and thus failed to establish a prima facie case of age discrimination.

Regarding Jones' qualifications for the Liberia Position, HHS produced affidavits from each of the SMEs reporting and explaining their individual determinations that he was not qualified for the Position. The SMEs testified they

reached this conclusion independently by comparing the experience Jones reported in his resume to the general and specialized experience required in the Vacancy Announcement.  Each also provided details supporting their conclusions.

Jones' primary response to this evidence is simply to declare, without explanation, that his 33-page resume demonstrates he has the experience required for the Liberia Position.  But his unsupported opinion is not sufficient to establish a genuine issue with respect to the SMEs' evaluation of his qualifications.  *See Santana v. City & Cty. of Denver*, 488 F.3d 860, 866 (10th Cir. 2007) ("[A]n employee's opinion about his or her qualifications does not give rise to a material factual dispute.").  His evidence that some federal officials found him qualified for some other positions in the last 12 or 15 years also does not establish a factual dispute regarding his qualifications for the Liberia Position, because he failed to provide evidence that the qualifications and experience required for these other positions corresponded to those required for the Liberia Position.  And his unsupported assertion that the SMEs were untruthful or unqualified in evaluating his application, based on some HHS officials allegedly overlooking or minimizing his qualifications for a handful of other positions over the years, is little more than speculation and hence is not evidence from which a reasonable jury could infer that Jones was, in fact, qualified for the Liberia Position.  *See Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) ("To defeat a motion for summary judgment, evidence . . . must be based on more than mere speculation, conjecture, or surmise." (internal quotation marks omitted)); *see also Helget v. City of Hays*, 844 F.3d 1216, 1223 n.3 (10th Cir.

2017) ("[W]here a nonmoving party (who has the burden of persuasion at trial) fails to provide admissible evidence rebutting testimony offered by the moving party, the question is not one of credibility, but rather the absence of evidence creating a triable issue of fact."). As a result, we agree that Jones failed to raise a genuine issue of fact regarding his qualifications for this Position and thus did not establish a prima facie case of age discrimination.

In his opening brief, Jones did not address the district court's additional ruling that he failed to establish the fourth element of his prima facie case—that the Liberia Position remained open to applicants of Jones' qualifications after HHS rejected his application. When an appellant omits an issue in his opening brief, he "generally forfeits appellate consideration of that issue" and hence we do not consider it. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). But even if we were to consider this issue, Jones presented no evidence in the district court that the Liberia Position was filled. Instead, he speculated that HHS' evidence that the Vacancy Announcement was cancelled and never filled was not credible based on one or more incidents in the past in which he claims he was incorrectly told that other HHS positions were not filled. Such speculation does not give rise to a genuine issue of fact. *See Self*, 439 F.3d at 1230. Accordingly, Jones failed to establish this element of his prima facie case as well.[5] And because Jones failed to establish this element and that

---

[5] We have observed that in some circumstances "[t]he elimination of the position . . . does not necessarily eviscerate a plaintiff's claim" that the adverse employment action was motivated by unlawful discrimination. *Perry v. Woodward*, 199 F.3d 1126, 1140 n.10 (10th Cir. 1999); *see Plotke v. White*, 405 F.3d 1092, 1100

he was qualified for the Position, we affirm the district court's grant of summary judgment against Jones based on his failure to demonstrate a prima facie case of age discrimination.[6]

### D. Case Management

Jones devotes a considerable portion of his brief to complaints regarding the district court's management of his case. Most of these complaints relate to its failure to take action in response to his repeated allegations of misconduct by the Assistant

---

(10th Cir. 2005) (holding elimination of the plaintiff's position was not per se fatal to her discriminatory discharge claim under the facts of the case because this element "is a flexible one that can be satisfied differently in varying scenarios"); *Kendrick*, 220 F.3d at 1227 n.6 (noting a modified test that does not include this element "may occasionally be helpful when addressing discrimination claims that either do not fall into any of the traditional categories . . . or present unusual circumstances"). Because Jones failed to establish a separate element of his prima facie case—that he was qualified for the Liberia Position—we need not consider whether his inability to show that the Position remained open after HHS rejected his application, standing alone, would preclude him from demonstrating a prima facie case of age discrimination.

[6] Jones summarily asserts that he would have produced sufficient evidence to demonstrate a prima facie case if the district court had waived the limit on exhibits stated in the district court's local rules. *See* D.N.M. LR-Civ. 10.5 (limiting exhibits to a motion, response or reply to a total of 50 pages unless the parties agree otherwise or the court so orders). But as the district court noted in rejecting this argument, Jones freely disregarded this local rule in both his motion for summary judgment and his response to HHS' motion, *see* R. Vol. 1 at 433-34 (reporting Jones filed 326 pages of exhibits in his summary judgment briefing); never requested a waiver of the local rule; waited until his objections to the magistrate judge's recommendation to make this argument; and in his objections did not identify the additional exhibits he wished to submit or explain why they were material to his prima facie case of age discrimination. Under these circumstances, the district court properly overruled his objection.

We also reject Jones' reliance on the agency's settlement offer and withdrawal of it as evidence in this matter, because such evidence is not admissible under Federal Rule of Evidence 408.

U.S. Attorney who defended HHS in the separate age discrimination case we addressed in *Jones I*. Jones made the same arguments against this attorney in *Jones I*, arguing the district court abused its discretion in failing to grant his motion for a protective order and sanctions based on the attorney's alleged misconduct. Upon careful review of the record in that case, we affirmed the district court's decision denying his motion and finding no misconduct. *See Jones I*, 695 F. App'x at 378. We will not revisit that determination. We further note Jones made no showing that the attorney in question was involved in the current proceeding.

Jones also complains the district court mismanaged this case by not taking action against the U.S. Attorney's Office, the U.S. Marshals Service, and New Mexico State Police for their participation in a threat assessment triggered by some of his correspondence, and by not requiring HHS' current counsel to comply with meet and confer requirements. Although Jones repeatedly claims these complaints are "dispositive" or demonstrate "gross reversible error," Aplt. Opening Br. at 5, 10, 14-15, 17, they are not relevant to Jones' age discrimination claim or the parties' motions for summary judgment. Further, we "will not interfere with the trial court's exercise of its discretion to control its docket and dispatch its business except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) (internal quotation marks and alterations omitted). Jones has made no showing that the district court's handling of his complaints against these non-parties prejudiced him in pursuing his age discrimination claim against HHS.

### E. Pending Motions

Six motions, all filed by Jones, are pending in this appeal. In five of them, Jones seeks to supplement the record on appeal or his reply brief with information he acknowledges was not filed with the district court because it was not available when the district court record closed. Such information is not part of the record on appeal and will not be considered. *See* Fed. R. App. P. 10(a); *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("[W]e will not review evidence that was not before the district court when the various rulings at issue were made." (internal quotation marks and alterations omitted)). As a result, we deny these motions. Jones' final pending motion is a request for oral argument, which we deny as moot as a result of our unanimous determination, after examining the briefs and appellate record, that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2).

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's judgment and DENY the pending motions.

                                                Entered for the Court

                                                Mary Beck Briscoe
                                                Circuit Judge

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
### OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

June 04, 2019

Chris Wolpert
Chief Deputy Clerk

Mr. John Paul Jones
3707 Big Bend Road
Albuquerque, NM 87111

**RE:**   18-2126, Jones v. Azar
Dist/Ag docket: 1:17-CV-00970-JB-KK

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:   Erin E. Langenwalter

EAS/lg